IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

EARNEST LEE MURRELL JR.,                Case No.: 3:15-CV-01927-AC

            Plaintiff,                            OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

            Defendant.

ACOSTA, Magistrate Judge:

Earnest Murrell ("plaintiff") seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying his applications for Title XVI Supplemental Security Income ("SSI") and Title II Disability Insurance Benefits ("DIB") under the Social Security Act ("Act"). All parties have consented to allow a Magistrate Judge enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). Based on a careful review of the record, the Commissioner's decision is affirmed and this case is dismissed.

Page 1 - OPINION AND ORDER

*Procedural Background*

On October 6, 2011, plaintiff applied for DIB and SSI, alleging disability as of January 1, 2000, due to foot pain. (Tr. 19, 170-78, 195.) His applications were denied initially and upon reconsideration. (Tr. 110-19, 122-28.) A hearing was held on February 28, 2014, before an Administrative Law Judge ("ALJ"); plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). (Tr. 34-67.) On March 21, 2014, the ALJ issued a decision finding plaintiff not disabled. (Tr. 19-29.) Plaintiff timely requested review of the ALJ's decision and, after the Appeals Council denied his request for review, filed a complaint in this Court. (Tr. 1-6.)

*Factual Background*

Born on July 19, 1961, plaintiff was 38 years old on the alleged onset date of disability and 52 years old at the time of the hearing. (Tr. 27, 170.) He completed the tenth grade and worked most recently as a janitor. (Tr. 21, 27, 39, 196.)

*Standard of Review*

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled.

At step two, the Commissioner evaluates whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a medically determinable, severe impairment, he is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, either singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner resolves whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work existing in significant

numbers in the national or local economy. *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(g), 416.920(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

*The ALJ's Findings*

At step one of the five-step process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 21.) At step two, the ALJ determined that plaintiff had the following medically determinable and severe impairments: "bilateral foot pain secondary to pes planus, painful corns on feet, and hallux deformity." (Tr. 22.) At step three, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. (Tr. 24.)

Accordingly, the ALJ continued the sequential evaluation process to determine how plaintiff's impairments affected his ability to work. The ALJ resolved that plaintiff had the residual functional capacity ("RFC") to perform light work as defined by 20 C.F.R. § 404.1567(b) and 20 C.F.R. § 416.967(b), except that he: "can stand and/or walk for two hours in an eight-hour workday," "should avoid concentrated exposure to hazards," and "can never climb ladders, ropes, or scaffolds." (*Id.*)

At step four, the ALJ concluded that plaintiff had no past relevant work. (Tr. 27.) At step five, the ALJ found, based on the VE's testimony, that plaintiff could perform a significant number of jobs existing in the national and local economy despite his impairments. (Tr. 28.) Therefore, the ALJ determined that plaintiff was not disabled within the meaning of the Act. (Tr. 29.)

\\\\\

*Discussion*

Plaintiff argues that the ALJ erred at step five by failing to apply the Medical-Vocational Guidelines ("Grids") to find him disabled as of his 50th birthday in light of the fact that a "standing and walking limitation of two hours more closely resembles a sedentary RFC than a light RFC." (Pl.'s Opening Br. 4-6; Pl.'s Reply Br. 1-2.)

There are two ways that the Commissioner can meet her step five burden: by applying the Grids or taking the testimony of a VE. *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). The Grids consist of a matrix of combinations relating to four vocational factors: age, work experience, education, and physical ability. *Tackett*, 180 F.3d at 1101. The ALJ must rely on the Grids only where the claimant possesses "substantially uniform levels of impairment." *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (citation omitted); *see also* SSR 83-10, *available at* 1983 WL 31251 ("[w]here the findings regarding each factor coincide with the criteria for the corresponding factor in a rule, that rule applies [but where] one or more of the criteria of a rule are not met, no decision is directed"). In other words, the Grids are inapplicable, and the ALJ must consult a VE, when the Grids "do not adequately take into account a claimant's abilities and limitations." *Id.* (citation omitted); *Burkhart*, 856 F.2d at 1340 (citation omitted)

Here, the ALJ found that plaintiff could perform the lifting and carrying requirements of light work, but stand and walk consistent with the range of sedentary work.[1] Tr. 24; 20 C.F.R. §§ 404.1567(b), 416.967(b). As a result, it would have been improper for the ALJ to exclusively employ the Grids because plaintiff's RFC did not directly correspond to either the light or sedentary exertion rule. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 201.09, 202.10 (relevant Grid rules); *see*

---

[1] and walking," provided plaintiff be allowed to rest periodically and walk on his heels).)

Page 5 - OPINION AND ORDER

*also Thomas*, 278 F.3d at 960 (where "a claimant's exertional limitation falls between two grid rules, the ALJ fulfills his obligation to determine the claimant's occupational base by consulting a vocational expert") (citation omitted). Thus, the ALJ did not commit legal error by utilizing a VE.

Relevant to this conclusion is that plaintiff does not now challenge any aspect of the VE's testimony or otherwise argue that the ALJ's RFC was deficient. (*See generally* Pl.'s Opening Br.; Pl.'s Reply Br.); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009) (arguments not raised with specificity in the claimant's opening brief are "deem[ed] waived"). Further, the one medical report that plaintiff cites does not support a sedentary RFC. (*See* Tr. 231-36 (examining Dr. Angela Jones, M.D., opining in April 2012 that "[t]here are no workplace limitations," including "no limitation on standing and walking," provided plaintiff be allowed to rest periodically and walk on his heels. Accordingly, the ALJ not only properly utilized a VE, but properly relied on uncontroverted VE testimony.

Moreover, the ALJ's step five finding was based on substantial evidence. In response to the ALJ's dispositive hypothetical question, the VE identified the light-exertion representative occupations of small products assembler and cashier, which, when reduced to account for the erosion in the occupational base caused by plaintiff's standing/walking restriction, respectively represented 114,500 and 217,500 jobs in the national economy, and 1,375 and 2,192 jobs in the local economy. (Tr. 62-64); *see also Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528 (9th Cir. 2014) (25,000 jobs in the national economy qualified as a "significant number" for the purposes of the Act); *Thomas*, 278 F.3d at 960 (affirming the ALJ's decision under analogous circumstances). The ALJ's step five finding is upheld.

Page 6 - OPINION AND ORDER

*Conclusion*

Based on the foregoing discussion, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 9th day of August 2016.

JOHN V. ACOSTA
United States Magistrate Judge